No. 16,144.

VILES CONSTRUCTION COMPANY ET AL. *v.* JOHNSON.
(199 P. [2d] 294)

Decided October 25, 1948.   Rehearing denied November 15, 1948.

Mr. FRANK J. REINHARD, JR., for plaintiffs in error.

Mr. GEORGE H. LERG, Mr. A. L. BETKE, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT for specific performance of a written contract involving conveyance of real estate. The contract was between plaintiff in error Edmond L. Viles and defendant in error. Plaintiffs in error, Viles Construction Company, a corporation, and Frances N. Viles, secretary thereof (Mr. Viles is president), defendants below, were made parties there because, subsequent to the execution of the contract, Edmond L. Viles had conveyed the property to said corporation. Specific performance was adjudged as prayed.

By the contract Viles, proceeding within a time stated, was to build a residence on the lots described, in con-

sideration whereof (and for the lots) defendant in error was to pay Viles nine thousand two hundred fifty dollars. At the time of executing the contract, defendant in error paid two thousand dollars, and was to pay the balance on date of completion of the residence, at which time he was to receive conveyance and possession of the property. Subsequently, however, and before such completion, defendant in error paid an additional sum of five hundred dollars. The date of completion, although it was promised to be "on or before the 25th day of December 1947," was May 1, 1948, on which date, although defendant in error was ready, able and willing to pay the balance due under the contract, plaintiffs in error not only refused to make conveyance, but leased the property to another at a stated monthly rental, with right to the tenant to make purchase thereof.

The basis of such refusal, sufficiently stated was, that by subsequent oral agreement the written contract was so varied in its terms that the whole price, instead of $9,250 as originally agreed, had been increased to $10,500, based whereon Viles refused to accept the ballance due computed on the terms of the written contract, that is to say, $6,750, but demanded the sum of $8,000, the balance computed on Viles' claim that changes in the plans of the house orally agreed upon by the parties, entitled him to the stated additional sum.

Whether there had been oral modification of the written contract was the controlling issue. The court, proceeding liberally in the matter of receiving evidence in support of the claim of such oral changes; resolved adversely thereto. We cannot think the court erred in such resolution, nor proceeding thereon, did it err in adjudging in favor of defendant in error. We do not believe that other contentions advanced by plaintiffs in error have merit.

Let the judgment be affirmed.

Mr. Justice Alter and Mr. Justice Luxford not participating.